## MARTHA HALLOWAY *v.* POLICE JURY and G. F. STARNS.

16   203
109   598

Police Juries of the several parishes of this State have not the power to confiscate and sell cattle running at large and belonging to citizens residing out of the parish.

The Police Juries in the assessment of taxes on personal and real property cannot discriminate between citizens and non-residents of the parish—they are not at liberty to tax the property of non-residents higher than that of citizens of the parish—but, on the contrary, they are required in the exercise of the power of taxation to levy an equal and uniform tax on every species of property and on all trades and professions, in their respective parishes, which have been made the subjects of taxation by the Legislature in behalf of the State.

An ordinance of a Police Jury making such a distinction as afore-mentioned, between the property of citizens and non-residents of the parish, is absolutely null and void.

APPEAL from the District Court of the Parish of Livingston, *Wilson*, J.
*W. E. Walker*, for plaintiff. *C. J. Bradley*, for defendants and appellants.

LAND, J. The Police Jury of the Parish of Livingston, in November, 1859, passed an ordinance assessing an annual tax of fifty cents per head on all cattle, horses and mules running at large in the Parish, and belonging to non-residents, or persons residing out of that parish ; and provided in the ordinance for the confiscation and sale of all such cattle, and the payment of the proceeds into the Parish Treasury for the use of the parish, on the failure of the owner to pay the tax, or to remove his cattle out of the parish, after ten days' notice from the Parish Ranger.

HALLOWAY    In pursuance of the provisions of this ordinance, the Parish Ranger seized and
v.      sold at public auction four head of cattle belonging to the plaintiff, who resided
POLICE JURY.  in the adjoining Parish of St. Helena in this State. And the plaintiff has insti-
tuted this suit against the Police Jury and *P. F. Starns,* the purchaser of the cat-
tle, to recover their value, on the ground that the ordinance assessing the tax and
authorizing the confiscation and sale of her cattle, was illegal, unconstitutional,
null and void.

Although the powers vested in the Police Juries of the several Parishes of this
State are very general and almost absolute in relation to the police of cattle in
their respective parishes, still the extraordinary power to confiscate and sell cattle
running at large and belonging to non-resident citizens, has never been delegated
to them by the Legislature, even conceding that such a power could be exercised
by that body under the Constitution. Nor has the Legislature delegated to the
Police Juries in the assessment of taxes on personal and real property, any power
or authority to discriminate between citizens and non-residents of the parish, and
to tax the property of a non-resident at a higher rate than the property of a citi-
zen of the parish; but, on the contrary, the Police Juries are required, in the ex-
ercise of the powers of taxation, to levy an equal and uniform tax on every spe-
cies of property, and on all trades and professions (in their respective parishes)
which have been made the subjects of taxation by the Legislature on behalf of
the State. See Revised Statutes, p. 410, sec. 19.

The ordinance in question, in assessing an annual tax of fifty cents per head
upon all cattle running at large in the parish, and belonging to non-residents, is
*an express* discrimination in the assessment of the tax between the property of
citizens and non-residents of the parish, and is without any warrant or sanction
in the statute law of the State, and for the want of any legal authority in the Po-
lice Jury to pass it, is absolutely null and void.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower
Court, which is in favor of the plaintiff, be affirmed, with costs in both Courts.